Martin and Johnson vs. Blood.

J. E. MARTIN and E. JOHNSON, plaintiffs in error, vs. C. H. BLOOD, defendant in error.

In April, 1863, a bill enjoining a certain *fi. fa.*, and appointing a Receiver, was dismissed, on the ground that the complainant was an alien enemy. At the next Term of the Court, certain orders were passed, directing that the *fi. fa.* proceed, and disposing of the assets held by the Receiver. At October Term, 1866, the complainant moved to reinstate the bill, and set aside said orders. *Held*, that there was no error in granting his motion.

Motion to reïnstate case. Decision by Judge VASON. In Decatur Superior Court. October Term, 1866.

At the April Term, 1863, the case (in Equity) of Caleb H. Blood against James E. Martin, E. Johnson, *et al.*, was dismissed, on the ground that the plaintiff was an alien enemy. At the next Term of the Court, in the same case, it was ordered, that the *fi. fa.* enjoined proceed; and, further, that the Receiver pay over, on said *fi. fa.*, the funds in his hands, and that the notes be turned over to the plaintiffs, and entered as a credit on said *fi. fa.*

C. H. Blood, at October Term, 1866, sued out a *rule nisi* to rescind the orders mentioned, and to reïnstate the case.

In answer to the *rule nisi*, plaintiffs in error said :

1. The case dismissed restrained them from proceeding with their *fi. fa.*, and was, under the circumstances, rightfully dismissed. Blood had notice of the proceedings and the judgment.

2. The order passed was but the order of the Chancellor, disposing of funds in his own hands; and Blood, being an alien enemy, was not entitled to notice.

3. It is now too late to reach the case by a motion of this sort; the remedy is by a motion for a new trial, or in arrest of judgment.

4, 5, 6. It is now too late to arrest the judgment. It has been executed, and the rights vested cannot be disturbed.

The Court ordered the *rule nisi* to be made absolute, and the case reïnstated; and also that the order (as to the Re-

ceiver, etc.,) above set forth, be set aside; and counsel for plaintiffs in error excepted.

SIMS & CRAWFORD, for plaintiffs in error.

LYON & IRVIN, for defendant.

HARRIS, J.

In this case, there is an entire concurrence of the Court in affirming the judgment below, ordering the cause in Equity to be reïnstated, though we arrive at that conclusion by different routes. The majority of the Court place their judgment upon an unpublished decision made during the war, and the Ordinance of the State Convention providing for the reïnstatement of cases upon the affidavit of party plaintiff. In my view, the moment it was made to appear by plea, that Blood was an alien enemy, all orders or proceedings in the case, afterwards, were illegal. In legal contemplation, he was civilly dead; he had no right then to sue, and was incapable of being sued. Moreover, when the State of Georgia became a member of the Southern Confederacy, her right, as a sovereign, to sequester, for public use, the property of an alien enemy, devolved on the Confederate Government; and all action thereafter, by the State Courts, should have been suspended until a Receiver, duly authorized by the Confederate Government, should have been made a party to the cause. The course of procedure, as disclosed by the record, of making orders in the cause, when there was no legal party plaintiff, was not simply irregular, but all such orders were void *ab initio*.

Judgment affirmed.